64 F.3d 674
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frederick E. TURNER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7038.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Vet.App. .
 DISMISSED.
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Frederick E. Turner's appeal for lack of jurisdiction. Turner opposes.*
 
 
 2
 On January 17, 1995, Turner filed a petition for a writ of mandamus with the Court of Veterans Appeals. Turner, who has a partial disability rating, sought a determination that he was totally disabled. On February 9, 1995, the Court of Veterans Appeals denied Turner's petition, determining that he "has not shown that exhaustion of administrative remedies would not secure the relief he seeks." Apparently, there is an ongoing proceeding at the Board of Veterans Appeals concerning Turner's disability rating. This appeal followed.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, of (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Turner contends that it is not necessary to have a final Board decision in order for the Court of Veterans Appeals to review his case. Thus, Turner now seeks review of the Court of Veterans Appeals factual determination and the application of the law to that determination. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 As a threshold matter, we note that Mary Ann Turner filed the opposition and a "complaint" as the "representative" of Turner.This court's rules specify, however, that parties may proceed either pro se or by counsel admitted to practice before the court. Fed. Cir. R. 47.3(a). We direct Turner to the first paragraph of this court's Guide for Pro Se Petitioners and Appellants, which provides that a "nonlawyer representative may not represent you in this court even if such represented you before ... the Court of Veterans Appeals .... Nor may other lay spokespersons like relatives or friends represent you in this court." Therefore, any future filings must be submitted by Turner himself or through counsel